# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40464**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brian W. GUBICZA**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 July 2024

————————————

*Military Judge*: Colin P. Eichenberger; Dayle P. Percle (entry of judgment).

*Sentence*: Sentence adjudged 23 January 2023 by GCM convened at Beale Air Force Base, California. Sentence entered by military judge on 16 March 2023: Dishonorable discharge, confinement for 36 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Olivia B. Hoff, USAF; First Lieutenant Deyana F. Unis, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and MASON, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful possession of child pornography and one specification of

wrongful distribution of child pornography in violation of Article 134, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 36 months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings but deferred all automatic forfeitures until the military judge signed the entry of judgment, and waived automatic forfeitures for six months.

Appellant raises one issue on appeal: whether as applied to this case, reference to 18 U.S.C. § 922 in the staff judge advocate's indorsement to the entry of judgment is unconstitutional because the Government cannot demonstrate that barring his possession of firearms is "consistent with the nation's historical tradition of firearm regulation"[2] when he stands convicted of possession and distribution of child pornography. We have carefully considered this issue and find Appellant is not entitled to relief. *See United States v. Lepore,* 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc) (holding a Court of Criminal Appeals lacks the authority to direct modification of the 18 U.S.C. § 922(g) prohibition noted on the staff judge advocate's indorsement); *see also United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *24 (A.F. Ct. Crim. App. 28 May 2024) (concluding "[t]he firearms prohibition remains a collateral consequence of the conviction, rather than an element of findings or sentence, and is therefore beyond our authority to review").

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).